## BROOKS v. ALDRICH.

Parol evidence to establish the identity of personal chattels, embraced in a mortgage, not particularly described in it, is admissible.

Whether, where the mortgagor was, at the time of making the mortgage, possessed of more than one article like that mentioned, evidence would be admitted to show that, by agreement of the parties, the mortgage was to apply to a particular article, *quære*.

TROVER for a horse. Plea, the general issue.

The plaintiff, to prove property in the horse, offered in evidence a mortgage deed from Anson Ramsdell and Ebenezer Burt, to himself, conveying, among other things, two horses, described as belonging to the said Ramsdell. Further evidence was offered to show that the horse in question was one of the horses mentioned in the mortgage.

The defendant objected to the evidence, as inadmissible to supply the want of certainty of description and identity in the instrument. The court overruled the objection, and admitted the evidence. The jury returned a verdict for the plaintiff.

PARKER, C. J. It does not appear precisely what the evidence was which was objected to. The objection is against any evidence to identify the property. Such an objection cannot be maintained.

Personal property cannot well be so described in a mortgage as to preclude the necessity of evidence *aliunde*, to identify it. If the mortgage had said two black horses, or two gray horses, belonging to the mortgagor, he might not have possessed them a day after, and others might be in his possession.

Here the description is two horses belonging to him. If he had but two at the time, evidence might well be admitted to show that fact, and to identify the animals. 12 Pick. 557, *Johns* v. *Church*.

---
Marsh *v.* Branch Road.
---

If he had possessed more than two, it might have admitted of a question whether evidence could have been offered to show that by an agreement between the parties the mortgage was to apply to two particular horses. We do not consider that.

*Exceptions overruled, and judgment on the verdict.*